# IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE
## AT CHATTANOOGA

TANIKA BARROW,

      Plaintiff,

vs.

WALMART, INC.,
WAL-MART STORES EAST, LP,
WALMART ASSOCIATES, INC., and
JANE DOE,

      Defendants.

Docket No.: 26C 275

JURY DEMAND (12)

Division:



## COMPLAINT

COMES NOW Plaintiff, Tanika Barrow, by and through undersigned counsel, and hereby files this Complaint against Defendant WalMart, Inc., Defendant Wal-Mart Stores East, LP, Defendant Walmart Associates, Inc., and Defendant Jane Doe for compensatory damages and in support thereof would show the Court as follows:

## INTRODUCTION

1. This is a personal injury and premises liability action arising from the injuries suffered by Plaintiff Tanika Barrow in an incident on March 8, 2025, at Walmart Supercenter 2020 Gunbarrel Road, Chattanooga, Tennessee 37421 in Hamilton County, Tennessee. (Walmart Supercenter No. 250).

## PARTIES, JURISDICTION, & VENUE

2. Plaintiff, Tanika Barrow, is a resident and citizen of Chattanooga, Hamilton County, Tennessee and thus is subject to the jurisdiction of this Court.

3. Defendant Wal-Mart, Inc., is a foreign for-profit corporation properly qualified to do

1



business under the laws of Tennessee with its principal office located at 1 Customer Dr Bentonville, AR 72712. Defendant Wal-Mart, Inc., may be served through its registered agent CT Corporation System, 300 Montvue Road Knoxville, TN 37919.

4. At all times relevant to this litigation, Defendant Wal-Mart, Inc., owned, operated, managed, and/or maintained a store located at 2020 Gunbarrel Road, Chattanooga, Tennessee 37421 in Hamilton County, Tennessee. (Walmart Supercenter No. 250), and the events and facts giving rise to this Complaint occurred at said Walmart Supercenter No. 250 in Hamilton County, Tennessee.

5. Defendant Wal-Mart Stores East, LP, is a foreign for-profit limited partnership properly qualified to do business under the laws of Tennessee with its principal office located at 702 SW 8H Street Bentonville, AR 72712. Defendant Wal-Mart Stores East, LP, may be served through its registered agent CT Corporation System, 300 Montvue Road Knoxville, TN 37919.

6. At all times relevant to this litigation, Defendant Wal-Mart Stores East, LP, owned, operated, managed, and/or maintained a store located at 2020 Gunbarrel Road, Chattanooga, Tennessee 37421 in Hamilton County, Tennessee. (Walmart Supercenter No. 250), and the events and facts giving rise to this Complaint occurred at said Walmart Supercenter No. 250 in Hamilton County, Tennessee.

7. Defendant Wal-Mart Associates, Inc., is a foreign for-profit corporation properly qualified to do business under the laws of Tennessee with its principal office located at 1 Customer Dr Bentonville, AR 72716. Defendant Walmart Associates, Inc., may be served through its registered agent CT Corporation System, 300 Montvue Road Knoxville, TN 37919.

8. At all times relevant to this litigation, Defendant Walmart Associates, Inc., owned,

2

operated, managed, and/or maintained a store located at 2020 Gunbarrel Road, Chattanooga, Tennessee 37421 in Hamilton County, Tennessee. (Walmart Supercenter No. 250), and the events and facts giving rise to this Complaint occurred at said Walmart Supercenter No. 250 in Hamilton County, Tennessee.

9. For the sake of brevity, Defendant Wal-Mart, Inc., Defendant Wal-Mart Stores East, LP, and Defendant Wal-Mart Associates, Inc., will hereinafter be collectively referred to as "Defendant Walmart."

10. Defendant Jane Doe is an employee and/or agent of Defendant Walmart, who was responsible in whole, or in part, for maintenance, cleaning, training, management, and/or inspection of the premises located at 2020 Gunbarrel Road, Chattanooga, Tennessee 37421 in Hamilton County, Tennessee. (Walmart Supercenter No. 250). The identity of Jane Doe cannot be ascertained at this time, but she is believed to be a resident of the State of Tennessee. Plaintiff will amend this Complaint to substitute the identity of this defendant once ascertained through the discovery process.

11. This action arises from personal injuries suffered by the Plaintiff on or about March 8, 2025, in Hamilton County, Tennessee, as a direct and proximate result of the negligent creation of a dangerous condition on its premises and failure to warn against dangerous conditions by the Defendants. Thus the acts and omission giving rise to this cause were committed in whole or in part in the State of Tennessee against residents of the State of Tennessee.

12. Based upon the foregoing, jurisdiction and venue properly lie in this Court.

## FACTS

13. All preceding statements of the Complaint are incorporated herein and re-alleged as if

3

expressly set forth herein.

14. At all times relevant to this Complaint, Defendant Walmart, owned and operated a store known as "Walmart Supercenter No. 250" located 2020 Gunbarrel Road, Chattanooga, Tennessee 37421 in Hamilton County, Tennessee.

15. On or about March 8, 2025, Defendant Jane Doe, was pushing a large shopping cart, in the course and scope of her employment, through Walmart Supercenter No. 250.

16. Defendant Walmart employees frequently push these large shopping carts through the Walmart Supercenter, gathering grocery items, to fill online grocery orders.

17. On or about March 8, 2025, Ms. Barrow entered Walmart Supercenter No. 250 to do some shopping and was a patron and business invitee of Defendants.

18. As Ms. Barrow was doing her shopping along the aisles of Walmart Supercenter No. 250, she was run over by a large shopping cart, used and operated by Walmart employee, Jane Doe, in her capacity as an employee.

19. Ms. Barrow was struck suddenly and unexpectedly by the shopping cart and she suffered injuries as a result of the impact to her body.

20. The dangerous hazard of the shopping cart and Defendant Jane Doe, was unknown to Ms. Barrow despite her exercising reasonable care for her own safety. Ms. Barrow did not become aware of the hazard until she was struck.

21. At all times relevant to this Complaint, Defendant Walmart employees frequently used large shopping carts to collect store products on the shelves and aisles of the Gunbarrel store.

22. At all times relevant to this Complaint, Defendant Walmart failed to properly train employees of its Gunbarrel store how to safely navigate its shopping carts safely, to prevent

4

injury to its customers.

23. At all times relevant to this Complaint, Defendant Walmart failed to properly train employees, specifically Jane Doe, of its Gunbarrel store to take reasonable care of invitees, such as Ms. Barrow, and keep premises safe for its customers.

24. The incident described herein was caused by the negligent acts and/or omissions of Defendant Walmart and its employee, Jane Doe.

25. Plaintiff Tanika Barrow suffered painful injuries and other harms and losses as a result of the incident described herein.

26. Plaintiff Tanika Barrow did nothing to cause her injuries on March 8, 2025.

27. Defendants are 100% responsible for causing the incident of March 8, 2025, in which Plaintiff Tanika Barrow suffered painful injuries.

28. Defendant Walmart had a duty to maintain and provide a safe environment for Plaintiff Tanika Barrow and all guests of its Gunbarrel store.

29. At all times relevant to this Complaint, Defendant Walmart had a responsibility to properly train its employees, specifically Jane Doe, to push shopping carts in a safe manner to prevent injuries to its customers.

30. Defendant Walmart and Defendant Jane Doe had a duty to warn Plaintiff Tanika Barrow of the dangerous condition of the shopping cart on March 8, 2025.

31. Defendants failed to warn Plaintiff Tanika Barrow of the dangerous condition when she knocked over on March 8, 2025.

32. As a direct and proximate result of Defendants' negligent acts and/or omissions described herein, Plaintiff Tanika Barrow suffered painful injuries and other harms and losses.

5

33. The medical expenses incurred by Plaintiff Tanika Barrow due to the negligent acts and/or omissions of Defendants are reasonable and necessary medical expenses.

## ACTS OF NEGLIGENCE

34. Defendants owed a duty of reasonable care to Plaintiff Tanika Barrow.

35. Defendant Walmart breached the legal duty of reasonable care and was negligent in one or more of the following ways in that it:

a) Failed to properly train and supervise its employees, specifically, Jane Doe;

b) Failed to properly train and supervise its employees, specifically, Jane Doe;

c) Failed to properly train and supervise its employees to not create dangerous conditions in its store;

d) Failed to properly train its employees to warn of dangerous conditions in its store floor;

d) Created a dangerous condition;

c) Failed to correct or remedy the dangerous condition;

d) Failed to warn of the dangerous condition; and

e) Failed to remove the dangerous condition.

36. As a direct and proximate result of Defendant Walmart's negligent acts and/or omissions described herein, Plaintiff Tanika Barrow suffered painful bodily injuries and other damages.

37. Defendant Walmart is vicariously responsible for the negligent acts and/or omissions of Defendant's employee Jane Doe and all other employees of Defendant whose negligent acts and/or omissions directly and proximately caused Plaintiff Tanika Barrow's injuries.

38. Defendants were negligent in the hiring of Defendant, Jane Doe.

6

## CAUSATION

39. Plaintiff hereby incorporates by reference the allegations and causes of action pled in the prior Paragraphs of this Complaint. Each and all of the foregoing common law acts and omissions of negligence by the Defendants, singularly and/or in combination with one another, proximately caused Plaintiff to be injured on the Defendant premises, and said acts, omissions, and violations were a producing and/or proximate cause of the injuries suffered by Plaintiff, and the Plaintiff's damages set forth herein below.

## DAMAGES

40. As a direct and proximate result of the above-described breaches of duties, violations of the common law, and statutes by Defendants, Plaintiff has suffered personal injuries and damages, including, but not limited to:

    a. Pain and suffering, past and future;

    b. Mental anguish, past and future;

    c. Loss of the enjoyment of life, past and future;

    d. Physician, medical and hospital expenses, past and future; and

    e. Lost wages and lost earning capacity

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff sues the Defendants and demands judgment against it for compensation in an amount determined by a jury to be fair, just and equitable after hearing all the evidence at trial. Because Tennessee law provides that a Plaintiff is not entitled to receive a judgment in excess of the amount prayed for in the Complaint and out of an abundance of caution, Plaintiff lists an ad damnum of two-hundred and fifty

7

thousand dollars ($250,000.00) although, out of respect for the jury's sole judgment and consideration, Plaintiff will accept less or more, if the jury so decides. The Plaintiff further demands a jury of twelve (12) and any such general relief to which she may be entitled.

RESPECTFULLY SUBMITTED,

WETTERMARK & KEITH, LLC

**Lacey Webb Rorex**, BPR#038110
629 Market Street, Suite 101
Chattanooga, TN 37402
(423) 342-2600 Ext. 807 (Office)
(423) 558-0807 (Direct)
(205) 574-5513 (Fax)
lrorex@wkfirm.com
*Attorney for Plaintiff*

8